*United States District Court*
*Southern District of Texas*
*FILED*

FEB 0 4 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| | § | Civil Action  B-02-019 |
| *versus* | § | |
| | § | |
| Lois A. Braxton | § | |

# Complaint

1.  *Jurisdiction.* The district court has jurisdiction because the United States is a party. *See* U.S. CONST art. III, Section 2, and 28 U.S.C. § 1345.

2.  *Venue.* Defendant resides in Cameron County, Texas, and may be served at 209 S. Kansas City, Box 2145, La Feria, TX 78559.

3.  *The Debts.* The defendant owes two debts to the United States:

Debt 1:

|   |   |   |
|---|---|---|
| a. | Principal as of April 28, 1999: | $3,285.54 |
| b. | Interest as of April 28, 1999: | $3,169.88 |
| c. | Administrative fees, costs, penalties | $0.00 |
| d. | Balance due as of April 28, 1999 | $6,455.42 |
| e. | Prejudgment interest accrues at 9.13% per annum from April 28, 1999, being $0.82 per day | |
| f. | Current balance is after credits of $0.00 | |

The certificate of indebtedness, attached as Exhibit A, shows the total owed excluding attorney's fees and central intake facility charges. On the date of the certificate the principal and interest shown were correct after credits having been applied.

Debt 2:

|   |   |   |
|---|---|---|
| a. | Principal as of April 28, 1999: | $5,791.54 |
| b. | Interest as of April 28, 1999: | $5,124.56 |
| c. | Administrative fees, costs, penalties | $0.00 |

1

  d.  Balance due as of April 28, 1999          $10,916.10

  e.  Prejudgment interest accrues at 9.00% per annum from April 28, 1999, being $1.43 per day

  f.  Current balance is after credits of $0.00

The certificate of indebtedness, attached as Exhibit B, shows the total owed excluding attorney's fees and central intake facility charges. On the date of the certificate the principal and interest balance shown were correct.

4. *Attorney's fees.* The United States seeks attorney's fees of $5,000.00.

5. *Failure to Pay.* Demand has been made on the defendant to pay the indebtedness, and the defendant has failed to pay it. All conditions precedent have been performed or have occurred.

6. *Prayer.* The United States prays for judgment for:

  A.  The sums in paragraph 3 plus prejudgment interest through the date of judgment, administrative costs, and post-judgment interest.

  B.  Attorney's fees; and

  C.  Other relief the court deems proper.

Respectfully submitted
BENNETT, WESTON & LaJONE, P.C.

By: _____
J. Michael Weston
Texas Bar No. 21232100
SD Tex. No. 21538
Attorney in Charge
Charles I. Appler
Texas Bar No. 00788995
SD Tex. No. 23055
1750 Valley View Lane, Suite 120
Dallas, Texas 75234
Telephone: (214) 691-1776
FAX: (214) 373-6810
Attorneys for the United States of America

**YOUR ANSWER OR OTHER RESPONSIVE PLEADING MUST BE FILED WITH THE UNITED STATES DISTRICT CLERK.**

**THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRE THAT YOU SEND US A COPY OF EVERY DOCUMENT YOU FILE WITH THE COURT.**

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Lois A. Braxton
AKA Lois A. Snodgrass
Buena Vida Apts. #134 S. Kansas City Rd.
La Feria, TX 78559
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/28/99.

On or about 08/14/87 the borrower executed promissory note(s) to secure loan(s) of $3000.00 from Empire of America, F.S.B. at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 12/01/87, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3285.54 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 11/15/94, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $3285.54 |
| Interest: | $3169.88 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total debt as of 04/28/99: | $6455.42 |

Interest accrues on the principal shown here at the current rate of 9.13 and a daily rate of $0.82

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/11/99    Name: Richard T. Itewg
                        Title _____
                        Branch _____

EXHIBIT A

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Lois A. Braxton
AKA Lois A. Snodgrass
Buena Vida Apts. #134 S. Kansas City Rd.
La Feria, TX 78559
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/28/99.

On or about 01/30/82, 05/12/82 and 08/10/82 borrower executed promissory note(s) to secure loan(s) $1250.00, $1250.00 and $2500.00 from McAllen State Bank at 9 percent interest per annum. This loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 06/01/88 and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5791.95 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 11/15/94, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 5791.54 |
| Interest: | $ 5124.56 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees | $ 0.00 |
| Total debt as of 04/28/99: | $10916.10 |

Interest accrues on the principal shown here at the rate of $1.43 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/11/99           Name: Richard D. Stewry
                               Title: Loan Analyst
                               Branch: Litigation

EXHIBIT B

# United States District Court
## Southern District of Texas

**SUMMONS IN A CIVIL CASE**

United States of America

v.   CASE NUMBER: **B-02-019**

Lois A. Braxton

TO: (Name and Address of Defendant)

Lois A. Braxton
209 S. Kansas City Box 2145
La Feria, TX 78559

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

J. Michael Weston
BENNETT, WESTON & LaJONE, P.C.

1750 Valley View Lane., Suite 120
Dallas, TX 75234

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby,    2/4/02
Clerk                Date

_(signature)_
BY DEPUTY CLERK